**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4852

JUAN PABLO GONZALEZ, a/k/a
Ruperto German Gonzalez Rosete,
a/k/a Chevello,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-99-288)

Submitted: June 30, 2000

Decided: September 20, 2000

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Preston Strom, Jr., STROM & YOUNG, L.L.P., Columbia, South
Carolina, for Appellant. Cameron Glenn Chandler, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Juan Pablo Gonzalez appeals his sentence, following a guilty plea, to fifty-seven months imprisonment for his role in a marijuana distribution conspiracy. His counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues, but asserting that: (1) the court erred in imposing an increase in Gonzalez's offense level for his role in the offense pursuant to USSG § 3B1.1 (1998), and (2) the court erred in declining to apply a reduction to his offense level pursuant to the safety valve provision, USSG § 5C1.2 (1998). Gonzalez was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. Our review of the record reveals no error.

The district court's factual determinations regarding a defendant's role in the offense are reviewed for clear error. See United States v. Sarno, 24 F.3d 618, 622-23 (4th Cir. 1994); United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). In deciding whether to apply an enhancement based on the defendant's role in the offense, the court considers several factors including, among others, the defendant's recruitment of accomplices, the degree of control exercised over other conspirators, and the claimed right to a larger share of the offense proceeds. See United States v. Rhynes, 206 F.3d 349, 383 (4th Cir. 1999) (en banc), cert. denied, ___ U.S. ___, 2000 WL 622939, 622949, 626304 (U.S. June 5, 2000) (Nos. 99-9386, 99-9393, 99-9458). Here, there was evidence that Gonzalez recruited an interpreter, directed another conspirator's drug deliveries, and received proceeds from fronting marijuana to a seller. He also participated in price negotiations. Although it was clear that two other individuals were the leaders of the conspiracy, Gonzalez exercised some supervisory responsibility. Thus, the district court did not clearly err in applying the two point enhancement for his role in the offense. See USSG § 3B1.1(c).

2

As the district court correctly noted, a defendant who is subject to an increase in his offense level based on his role in the offense is not eligible for the safety valve reduction. <u>See</u> USSG § 5C1.2(4). Accordingly, Gonzalez was not entitled to a two point safety valve reduction.

We have reviewed the record and find no other potentially meritorious claims. Accordingly, we affirm Gonzalez's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from further representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3